UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER DAVENPORT,           )
                                 )   No. CV-09-0287-CI
          Plaintiff,             )
                                 )   ORDER DENYING PLAINTIFF'S
v.                               )   MOTION FOR SUMMARY JUDGMENT
                                 )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner  )   MOTION FOR SUMMARY JUDGMENT
of Social Security,              )
                                 )
          Defendant.             )
                                 )
_____

     BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.
Rec. 18, 23.)  Attorney Maureen Rosette represents Christopher
Davenport (Plaintiff); Special Assistant United States Attorney
Terrye Shea represents the Commissioner of Social Security
(Defendant).  The parties have consented to proceed before a
magistrate judge. (Ct. Rec. 8.) After reviewing the administrative
record and briefs filed by the parties, the court **DENIES** Plaintiff's
Motion for Summary Judgment, and directs entry of judgment for
Defendant.

                            **JURISDICTION**

     Plaintiff protectively filed for Supplemental Security Income
(SSI)on April 24, 2007.  (Tr. 207.)  He alleged disability due to
degenerative disc disease, stenosis, osteoarthritis and the side
effects of medication, with an onset date of August 31, 2003.  (Tr.
236.)  His claim was denied initially and on reconsideration.  (Tr.
75-76.)  Plaintiff requested a hearing before an administrative law

1  judge (ALJ), which was held on April 14, 2009, before ALJ R.S.

2  Chester. (Tr. 29-63.)  Plaintiff, who was represented by counsel,

3  and medical expert Arthur Brovender, M.D., testified. (Tr. 35-54.)

4  Vocational expert Tom L. Moreland (VE) also testified. (Tr. 54-62.)

5  The ALJ denied benefits on April 21, 2009, and the Appeals Council

6  denied review. (Tr. 9-21, 1-4.)  The instant matter is before this

7  court pursuant to 42 U.S.C. § 405(g).

8                       **STANDARD OF REVIEW**

9      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

10  court set out the standard of review:

11          The decision of the Commissioner may be reversed only
        if it is not supported by substantial evidence or if it is
12      based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
        1097 (9th Cir. 1999). Substantial evidence is defined as
13      being more than a mere scintilla, but less than a
        preponderance. *Id.* at 1098. Put another way, substantial
14      evidence is such relevant evidence as a reasonable mind
        might accept as adequate to support a conclusion.
15      *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
        evidence is susceptible to more than one rational
16      interpretation, the court may not substitute its judgment
        for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
17      *Morgan v. Commissioner of Social Sec. Admin*. 169 F.3d 595,
        599 (9th Cir. 1999).

18

19          The ALJ is responsible for determining credibility,
        resolving conflicts in medical testimony, and resolving
20      ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
        Cir. 1995).  The ALJ's determinations of law are reviewed
21      *de novo*, although deference is owed to a reasonable
        construction of the applicable statutes. *McNatt v. Apfel*,
22      201 F.3d 1084, 1087 (9th Cir. 2000).

23      It is the role of the trier of fact, not this court, to resolve

24  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

25  supports more than one rational interpretation, the court may not

26  substitute its judgment for that of the Commissioner. *Tackett*, 180

27  F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

28

Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a medically determinable physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). "This requires the presentation of 'complete and detailed objective medical reports of his condition from licensed medical processionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999)(citation omitted).

If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 34 years old with a ninth grade education and a high school graduate equivalency degree. (Tr. 42.) Plaintiff testified he was incarcerated at the time of the hearing on charges of harassment. (Tr. 49.) He explained he had been in and out of prison between 1992 and 2008 for various convictions, including burglary, robbery, DUI and second degree theft. (Tr. 50-51.) During his testimony, he indicated he was married and had a 17-month old daughter. (Tr. 51.) Plaintiff had past work experience as a construction worker, an auto detailer, a concrete mixer, and power

shovel operator.  (Tr. 54-55.)  He reported he was injured on the job when he twisted his back "and shattered every disk" he had in his lower back.  (Tr. 43.)  The record reflects he had three back surgeries after the 2002 accident.  (Tr. 476-478.)  He also had carpal tunnel surgery in 2006.  Plaintiff stated he only could sit for five to ten minutes, stand for three minutes, and walk for one half a block.  He testified he could no longer bend or climb stairs and had problems gripping things with his hands as a result of carpal tunnel symptoms.  Plaintiff also testified he suffered hepatitis C symptoms, depression and anxiety.  (Tr. 44-48.) Plaintiff indicated he was prescribed a back brace and medication for pain and mental problems.  (Tr. 47-48.) He also stated he was prescribed a cane which he used when walking.  (Tr. 47.)

**ADMINISTRATIVE DECISION**

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 24, 2007, the application date.[1]  (Tr. 11.)  At step two, he found Plaintiff had severe impairments of degenerative disc disease of the lumbar spine and status post carpal tunnel release.  (*Id.*) He found the following conditions did not cause more than a minimal limitation in Plaintiff's ability to work and were non-severe: hepatitis C, high blood pressure, depression, anxiety, alcohol abuse syndrome, and opiate dependency.  (Tr. 12.)  At step three, the ALJ

---

[1] Under the Social Security regulations, if a claimant meets requirements for eligibility, SSI benefits are not payable until the month following the month the application was filed.  20 C.F.R. § 416.335.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

found Plaintiff's impairments or combination of impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).   Specifically, he considered Listing 1.04 (Disorders of the Spine); Listing 14.00 (Immune System Disorders); Listing 4.00 (Cardiovascular); and Listing 11.00 (Neurological). (Tr. 13-14.)   At step four, the ALJ determined Plaintiff had the residual functional capacity (RFC) for sedentary level work activities with several non-exertional limitations.   (Tr. 14.)   He found Plaintiff could occasionally or frequently lift up to 10 pounds; stand and/or walk for two hours in a workday with normal breaks; sit for six hours with normal breaks; never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, crawl, or climb ramps and stairs.   In addition, Plaintiff should avoid concentrated exposure to wetness and vibration and moderate exposure to hazards, unprotected heights, and dangerous machinery.   *Id*.   The ALJ determined Plaintiff's statements regarding his limitations were not credible to the extent they were inconsistent with the sedentary level RFC.   (Tr. 16.)   Based on the RFC assessed and the VE's testimony, ALJ Chester found Plaintiff could no longer perform his past relevant work.   (Tr. 19.)   Proceeding to step five, he found there were other jobs in significant numbers Plaintiff could perform at the sedentary level, which were identified by the VE as amusement park, airport, parking lot, and theater cashier, and electrical, photographic, electronics, and small products assembly jobs. (Tr. 20, 56-57.)   The ALJ concluded Plaintiff had not been disabled since the application date, and was ineligible for SSI benefits.   (Tr. 20-21.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when (1) he determined Plaintiff was not disabled under Listing 1.04 at step three; and (2) he failed to properly reject the opinions of treating physician, Dr. Giannontonio Giuliani, that Plaintiff was "severely limited" in his ability to perform work activities.  (Ct. Rec. 19 at 19.)  He contends Dr. Giuliani's unrejected opinion requires a finding of disability.  (*Id*. at 19.)

**DISCUSSION**

**A.   Listing 1.04A.**

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995).  If a claimant's impairment does not meet the criteria specified in the Listings, he or she is still disabled if the impairment equals a listed impairment.  20 C.F.R. § 416.920(d).  If a claimant has more than one impairment, the Commissioner must determine whether the combination of impairments is medically equal to any listed impairment.  20 C.F.R. § 416.926(a).  A step three finding of disability must be based on medical evidence from acceptable medical sources only, *i.e.,* licensed psychologists or physicians designated by the Commissioner. 20 C.F.R. §§ 416.929(d)(3), .926 (c) and (d).  "[L]ongstanding policy requires that the judgment of a physician or psychologist designated

by the Commissioner on the issue of equivalence . . . must be received into the record as expert opinion evidence and given appropriate weight." *Social Security Ruling* (*SSR*) 96-6p.)[2]

Here, the ALJ did not err in finding Plaintiff did not meet or medically equal a Listing under Sections 1.04, 14.00, and 11.00. (Tr. 13.)   His step three findings discuss in detail the requirements of each Listing and reference specific evidence in the record to support his step three determination.   (Tr. 13-14.) Further, as required by the Commissioner's policy, the ALJ obtained medical expert testimony from Dr. Brovender, whose specialty is orthopedic surgery.   (Tr. 33.)   Dr. Brovender, who reviewed the entire record, clearly explained the medical reports and imaging results. (Tr. 34-39.) In response to questions by Plaintiff's representative, he discussed in detail why Plaintiff did not meet Listing 1.04A.[3]  (Tr. 36-39.)

_____

[2]   Social Security Rulings are issued to clarify the Commissioner's regulations and policy.   They are not published in the federal register and do not have the force of law.   However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations.   *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3. (9th Cir. 1991).

[3]   To meet Listing 1.04A, a claimant must have medical evidence of "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement

Specifically, Dr. Brovender noted Plaintiff did not have atrophy, sensory changes, muscle weakness or reflex changes as required by the Listing. (Tr. 36.) Although Plaintiff's representative presented her theory of why Plaintiff met the Listing, Dr. Brovender rebutted her theory, referencing imaging and medical reports to support his finding that the Listing was not met or equaled. (Tr. 39.) His opinion as a specialist in orthopedic surgery warrants greater weight than a non-specialist. 20 C.F.R. § 416.917(d)(5). Further, as found by the ALJ, no other acceptable medical source opined that a Listing was met or equaled. (Tr. 18-19; *see, e.g.,* Tr. 846-47, 906-912, 925.)

For example, the record shows agency physician Norman Staley, M.D., reviewed the record in July 2007, and opined Plaintiff was impaired by degenerative disc disease, but was capable of sedentary work. (Tr. 906-12.) Also on July 5, 2007, orthopedic specialist John Shuster, M.D., examined Plaintiff and noted no obvious deficits in motor testing, no pain with straight leg raise or hip range of motion, non-tender iliotibial (IT) bands, normal calf and thigh circumferences (*i.e.,* no atrophy), and unremarkable hip range of motion. (Tr. 924-25.) Dr. Shuster opined Plaintiff's complaints were not explained by imaging reports or physical exam. (Tr. 925.) In addition, as noted by the ALJ, an emergency room report dated July 17, 2007, indicates Plaintiff injured his thigh when he lost control while riding a dirt bike, an activity inconsistent with the level of pain and limitation claimed. (Tr. 17, 927.)

of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04A.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

It is noted on independent review that no medical evidence for the period between September 2007 through April 2008, is presented to support a finding of disability under Listing 1.04A. (*See* Tr. 924-28.)  In October 2007, Dr. Giuliani reported Plaintiff's back was "doing pretty well."  (Tr. 973.)  Medical records indicate Plaintiff began treatment for hepatitis C in April 2008, and was incarcerated in Ferry County between August 2008 and January or February 2009.  (Tr. 928, 934-57.)  Dr. Giuliani's clinic note from February 3, 2009, indicates Plaintiff had been doing laundry jobs in jail, which required lifting that aggravated his back pain.  As noted by the ALJ, Dr. Giuliani's February 23, 2009, clinic note indicates Plaintiff reported he had walked over a mile to get to his appointment.  (Tr. 17-18, 959.)  At the appointment, Dr. Giuliani observed Plaintiff sitting "comfortably, . . . with no major activity or indications of significant pain or discomfort." (*Id.*) He noted muscle spasm in the lower back into the left leg, with a completely normal examination of the upper cervical and lumbar spine, and overuse of prescribed opiates.  (Tr. 18, 959, 961.)

Plaintiff reiterates the argument presented at the hearing (Ct. Rec. 19 at 14); however, his recitation of medical evidence is insufficient to rebut Dr. Brovender's reasoned opinion that Listing 1.04A is neither met nor equaled.  20 C.F.R. §§ 416.929(d)(3), .926 (c),(d); *SSR* 96-6p.  Imaging reports, medical observations, and clinic assessments from the entire record support the ALJ's reliance on Dr. Brovender's opinion that Plaintiff did not meet Listing 1.04A.  Where, as here, Dr. Brovender's assessment of the medical evidence in its entirety is supported by objective imaging and the

opinions of other acceptable medical sources in the record, his opinions are substantial evidence to support the ALJ's findings at step three that Plaintiff did not meet or equal a Listing.

**B.   Dr. Giuliani's Opinions**

Plaintiff next argues the ALJ erroneously relied on Dr. Brovender's opinion that Plaintiff was capable of performing sedentary work. He contends Dr. Giuiliani's treating physician opinion that Plaintiff was "severely limited"[4] should have been given greater weight than Dr. Brovender's non-examining opinion that Plaintiff could perform sedentary work. (Ct. Rec. 19 at 18.)

A treating physician's opinion is given special weight because he or she is employed to cure and has a greater opportunity to observe the claimant's physical condition over a period of time. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). As explained in the Regulations, more weight is given to a medical professional who can provide a detailed, longitudinal picture of a claimant's medical impairment and "bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." 20 C.F.R. § 416.927.

If a treating physician's opinion is contradicted, the ALJ may reject it with specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.

---

[4] The form in which this opinion is found defines "severely limited" as "unable to lift at least 2 pounds or unable to stand and/or walk." (Tr. 837.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

"The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). On review, the court can read the adjudicator's summary of the evidence and draw inferences from his or her interpretation of the evidence and findings. *Id*. Rejection of an examining medical source opinion is specific and legitimate where the ALJ's summary of the evidence shows that the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The adjudicator need only explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Plaintiff contends the ALJ erroneously rejected Dr. Giuliani's opinions that he is "severely limited" and, if properly credited, the opinions would support a finding of disability. (Ct. Rec. 19 at 17-19.)[5] Plaintiff's argument is unpersuasive. It is noted initially

_____

[5] Plaintiff references three evaluations and a 2008 finding by Dr. Giuliani of "severely limited." (Ct. Rec. 19 at 17, referencing Tr. 833, 837 and 841.) However, the record contains only two physical evaluations signed by Dr. Giuliani in which he assessed Plaintiff as "severely limited." One is dated May 12, 2006, about one year prior to Plaintiff's application for SSI. (Tr. 831-34.) The second is dated February 28, 2007, two months before Plaintiff's application for benefits. (Tr. 835-38.) The report at Tr. 839-42 is a duplicate of the February 28, 2007, evaluation.

that Dr. Giuliani's evaluation and opinions relate to a period pre-dating Plaintiff's application for SSI benefits (April 24, 2007). Medical opinions that predate the period at issue are of limited relevance. *See Carmickle v. Commissioner, Social Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008); *Fair,* 885 F.2d at 600.   Plaintiff points to no medical evidence that establishes this degree of limitation persisted until or after April 2007.  (Tr. 834, 837, 139.)   Because Dr. Giuliani's pre-application opinions are not significantly probative to the period of disability claimed, the ALJ was not required to explain why little weight was given.

Further, assuming the opinions are probative, to warrant controlling weight, a treating medical source opinion must be well-supported and consistent with other medical evidence in the record. 20 C.F.R. § 416.927.  In any case, an ALJ is not bound by a treating source opinion on the ultimate question of a claimant's ability to perform work-related tasks.  *SSR* 96-5p (*Medical Source Opinions on Issues Reserved to the Commissioner*).  A claimant's RFC is not a "medical issue" under the Regulations; it is an administrative finding based on all relevant evidence in the record, not just medical evidence.  *Id.; see also SSR* 96-8p.  The final determination of a claimant's ability to perform work is the province of the ALJ, and no special significance is to be given to a medical source opinion on issues reserved to the Commissioner.  20 C.F.R. § 416.927(e); *SSR 96-5p.*

Here, the ALJ discussed Dr. Giuliani's medical records and observations in various parts of his decision.  (Tr. 16-19.)  In his discussion, the ALJ noted inconsistencies between Plaintiff's statements and Dr. Giuliani's observations in 2006 and 2007.  (Tr.

17-18.)  He also noted Dr. Giuliani's reports of Plaintiff's prescribed opiate overuse, possible drug-seeking behavior, and observed capabilities exceeding Plaintiff's allegations.  *Id*.  In his RFC findings, the ALJ gave little weight to Dr. Giuliani's specific opinions that Plaintiff's overall work level was "severely limited," noting that in both reports Dr. Giuliani advised a re-evaluation of Plaintiff's work level after two months.  (Tr. 19, 833, 834, 838.) In addition, the ALJ found that even if Plaintiff were "severely limited" in February 2007, the evidence indicates he still had the capacity to do a wide range of sedentary work "the majority of the time."  (Tr. 19.)

The court can infer reasonably from the ALJ's decision that Dr. Giuliani's unexplained opinion that Plaintiff was "severely limited" in February 2007, was not given significant weight because it predated Plaintiff's claim for SSI, it was inconsistent with Dr. Giuliani's longitudinal clinic notes, the reports from medical specialists, the objective medical evidence, the opinions of reviewing medical experts, and Plaintiff's self-reported activities, all of which were discussed in the ALJ's decision.  In addition, as stated by the ALJ, even if Plaintiff were severely limited from May 2006 until February 2007, the evidence in its entirety supports the administrative finding that Plaintiff was capable of a wide range of sedentary work after April 24, 2007, his date of application for SSI benefits.  (Tr. 18.)

The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946; *SSR* 96-5p.  Although Dr. Giuliani concluded Plaintiff was "severely limited," in February 2007, he did not opine

Plaintiff was unable to perform any work during the relevant period. Because the ALJ is not required to explain the weight given non-probative evidence, any error in the ALJ's evaluation of Dr. Giuliani's opinions dated May 2006 and February 2007 is harmless. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Because the ALJ's reasoning is a rational interpretation of the record and supported by substantial evidence, his findings may not be disturbed.  Accordingly,

     **IT IS ORDERED:**

     1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 18)** is **DENIED;**

     2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 23 )** is **GRANTED;**

     The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.   The file shall be closed and judgment entered for Defendant.

     DATED March 7, 2011.


                    _____S/ CYNTHIA IMBROGNO_____
                    UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15